Don MERRITT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0305–CR–213.

Court of Appeals of Indiana.

Feb. 13, 2004.

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Don Merritt appeals the trial court's denial of his motion to suppress. We reverse.

### Issue

Merritt presents one issue for our review, which we restate as whether the trial court erred in denying his motion to suppress.

### Facts and Procedural History

On January 16, 2002, Indianapolis Police Department Officer Philip Smiley drafted the following search warrant affidavit:

> Philip A. Smiley, Police Officer, swears or affirms that he believes and has good cause to believe: that a controlled substance, to wit: Cocaine, an extract of Coca, the possession of which is unlawful, is being kept, used, and sold from the residence located [at] 3508 N. Butler Ave., Indianapolis, Marion County, Indiana and said residence is under the control of a B/M 20 yrs. old, 5' 7" tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans.

> This affiant bases his belief on the following information: that within the past seventy-two (72) hours of 1–16–02, a confidential, credible and reliable informant came personally to this affiant and stated that within the past seventy-two (72) hours of 1–16–02, he/she was personally in the location of 3508 N. Butler Ave., Indianapolis, Marion County, Indiana and observed in the possession of a B/M 20 yrs. old, 5' 7" tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans, a substance said informant believed to be Cocaine, an extract of Coca. Said informant was further told by the B/M 20 yrs. old, 5' 7" tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans, that the substance he/she had in his/her possession was in fact Cocaine, an extract of Coca and was for sale. Said informant is known personally by

this affiant to be a past user of cocaine, an extract of Coca, and knows Cocaine, an extract of Coca by its appearance and the manner in which it is packaged for sale. Said informant is reliable in that information provided by the informant in the past has resulted in at least three (3) seizures of controlled substances and these cases have resulted in convictions in court. Said informant is confidential in that revealing the identity of the informant could directly endanger the life of the informant and would destroy any future use of the informant.

Based upon the above information, I am requesting a search warrant be issued for the residence located at 3508 N. Butler Ave., Indianapolis, Marion County, Indiana. Said residence is described as a single story-single family residence white in color with blue trim, and has the numerals 3508 affixed to the front of the residence to be searched. Said residence consists of a living room, dining area, kitchen, bedroom(s) and bathroom(s). I request this search to include all rooms, closets, drawers, shelves and personal effects contained therein and thereon where Cocaine, an extract of Coca may be concealed.

I further request this search to include the person of the B/M 20 yrs. old, 5′ 7″ tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans.

Appellant's App. at 28. Based on this affidavit, the trial court issued a search warrant for the residence and person described above.

On January 17, 2002, Officer Marc Lundy and members of the Indianapolis Police Department S.W.A.T. team executed the search warrant and found Merritt sitting in the dining room with several other persons. The police recovered a bag containing marijuana from the dining room table and cocaine from a jacket in one of the bedroom closets.

On January 24, 2002, the State charged Merritt with Class A felony dealing in cocaine,[1] Class C felony possession of cocaine,[2] Class C felony possession of cocaine and a firearm,[3] and Class A misdemeanor possession of marijuana.[4] On October 22, 2002, Merritt filed a motion to quash warrant/motion to suppress evidence. On March 7, 2003, the trial court denied Merritt's motion in an order reading in pertinent part:

The defense argument in this case is that the statement in the first paragraph of the probable cause affidavit concerning who was in control of the residence is a conclusion not supported by the facts. The Court agrees with the defense, thus, the Court will excise that information from the affidavit and reanalyze the existence of probable cause. *See Query v. State,* 745 N.E.2d 769 (Ind. 2001); *Franks v. Delaware,* 438 U.S. 154 [98 S.Ct. 2674; 57 L.Ed.2d 667] (1978).

The Court FINDS that with the offending language removed there still remains probable cause for the issuance of the warrant.

WHEREFORE, the Motion to Suppress is hereby DENIED.

Appellant's Br. at 19–20. This interlocutory appeal ensued.

### Discussion and Decision

We review the trial court's ruling on a motion to suppress in a manner similar to other sufficiency matters. *Edwards v. State,* 759 N.E.2d 626, 630 (Ind.2001).

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–48–4–6.

4. Ind.Code § 35–48–4–11.

"The record must disclose substantial evidence of probative value that supports the trial court's decision." *Id.* We do not reweigh the evidence, and we consider the conflicting evidence in the light most favorable to the trial court's ruling. *Id.*

The State argues that "in cases involving drug dealers it is reasonable for a magistrate to conclude that 'evidence is likely to be found where the dealers live.' " Appellee's Br. at 4. It also contends that it was plausible for the magistrate to infer that the drug transaction between the unidentified black male and the informant was one. of many similar transactions conducted at the residence and that the magistrate's practical experience may have apprised him of the level of criminal activity in the neighborhood and the probable nature of Merritt's residence as that of a "crack house." *Id.* at 5. Merritt contends that the trial court erred in denying his motion to suppress because the search warrant affidavit lacked probable cause. Specifically, Merritt argues that the affidavit failed to link the unidentified black male with drugs to his residence. We agree.

■■ "A court may issue warrants only upon probable cause, supported by oath or affirmation[.]" Ind.Code § 35–33–5–1. Indiana Code Section 35–33–5–2 specifies the minimum information necessary to establish probable cause and provides in relevant part:

(a) Except as provided in section 8 of this chapter, no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:

(1) particularly describing:

(A) the house or place to be searched and the things to be searched for; or

(B) particularly describing the person to be arrested;

(2) alleging substantially the offense in relation thereto and that the affiant

believes and has good cause to believe that:

(A) *the things as are to be searched for are there concealed* [.]

Emphasis added. "An affidavit demonstrates probable cause to search premises if it provides a sufficient basis of fact to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime." *Hensley v. State*, 778 N.E.2d 484, 488 (Ind.Ct.App. 2002).

In deciding whether to issue a search warrant, the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of the reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. Substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. "Reviewing court" for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing the decision.

*Jaggers v. State*, 687 N.E.2d 180, 181–82 (Ind.1997) (citations, quotation marks, and alterations omitted).

■ Here, Officer Smiley stated in his affidavit that, while a confidential informant was in Merritt's residence on one occasion, an unidentified black male offered to sell the informant what appeared to be cocaine. Officer Smiley did not state that the unidentified black male frequented, resided, or concealed contraband at 3508 North Butler Avenue nor did he state

that there was good cause to believe that the black male would possess cocaine in the residence when the warrant was obtained. *See Doss v. State*, 649 N.E.2d 1045, 1048–49 (Ind.Ct.App.1995) (finding affidavit lacked indicia of probable cause because it omitted important factual details). Moreover, contrary to the State's assertions, the affidavit did not set forth facts from which a reasonable inference could be drawn that numerous drug transactions had taken place at the residence, or that the residence was a "crack house." Accordingly, the trial court abused its discretion in denying Merritt's motion to suppress. *See Methene v. State*, 720 N.E.2d 384, 390 (Ind.Ct.App.1999) (noting the requirement that an affidavit for a search warrant must apprise the magistrate of the underling facts and circumstances which tend to show that probable cause exists for the search).

The State argues that even if probable cause was lacking, the evidence seized is admissible under the good faith exception to the warrant requirement;[5] however, the State did not advance this argument in its memorandum in opposition to the motion to suppress or at the suppression hearing. Accordingly, the issue is waived. *See Taylor v. State*, 710 N.E.2d 921, 923 (Ind.1999) (finding that a party is limited to the specific grounds argued to the trial court and cannot assert new bases for admissibility for the first time on appeal).

Reversed.

SULLIVAN, J., and ROBB, J., concur.

5. The good faith exception provides that "the court may not grant a motion to exclude evidence on grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith." Ind. Code § 35–37–4–5(a).