Kevin MASSEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0310–CR–851.

Court of Appeals of Indiana.

Oct. 29, 2004.

---

79

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Kevin Massey appeals his convictions, after a jury trial, of dealing in cocaine as a Class A felony,[1] possession of cocaine and a firearm as a Class C felony,[2] unlawful possession of a firearm by a serious violent felon as a Class B felony,[3] possession of a controlled substance as a Class D felony,[4] and possession of marijuana as a Class D felony.[5] He raises three issues on appeal, which we restate as:

1. Whether the trial court abused its discretion by admitting evidence seized pursuant to a search warrant;

2. Whether the State presented sufficient evidence to prove Massey knowingly possessed·cocaine and firearms; and

---

1. Ind.Code § 35–48–4–1. The jury also found him guilty of possession of cocaine as a Class A felony, Ind.Code § 35–48–4–6; however, the trial court merged that verdict with the conviction of dealing in cocaine as a Class A felony.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–47–4–5.

4. Ind.Code § 35–48–4–7.

5. Ind.Code § 35–48–4–11.

3. Whether the trial court abused its discretion by ordering Massey to serve his twenty-year sentence for unlawful possession of a firearm by a serious violent felon consecutive to his fifty-year sentence for dealing in cocaine.

We affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

At some point in the three days preceding October 9, 2001, a confidential informant visited a residence on West 34th Street in Indianapolis. At that residence, which was owned by Massey and his wife, Massey told the informant cocaine was for sale. The informant knew from prior use how to identify cocaine and had provided evidence in the past that had led to drug arrests. Based on this and other information, police obtained a search warrant for the house, its curtilage, and Massey.

At 7:00 p.m. on October 10, 2001, police executed the search warrant. As they approached the residence, Massey was walking from the house to the garage. When he saw the officers, he attempted to run away. When police caught Massey, he had $700 and 0.1243 grams of cocaine in his possession. In addition, he had a key on his key chain that unlocked a Pepsi machine in the garage. Inside the Pepsi machine, police found a scale, 42.5603 grams of cocaine, and 34.38 grams of marijuana. At another location in the garage, police found 0.94 grams of marijuana in plain view.

In Massey's bedroom, police found thirty-nine hydrocodone tablets for which Massey could produce no prescription and a cigar box containing $100. Massey told police two handguns were in his bedroom, and police found one in a bag in the closet

and another between the mattress and box spring, where Massey said they would be. A jacket hanging on his bedroom door had over $4600 and nearly 12.00 grams of cocaine in the pocket.

The State charged Massey with the six crimes of which he was found guilty and with possession of marijuana as a Class A misdemeanor.[6] The court merged the verdict for possession of cocaine with the verdict for dealing in cocaine and entered convictions on the other five verdicts. The trial court ordered Massey to serve the following sentences: fifty years for dealing in cocaine; eight years for possession of cocaine and a firearm; twenty years for possession of a firearm by a serious violent felon; three years for possession of a controlled substance; and three years for possession of marijuana. The court ordered the fifty-year and twenty-year sentences served consecutive to one another, but ordered the other three sentences served concurrent with one another and with the other two sentences.

## DISCUSSION AND DECISION

1. *Motion to Suppress*

We review the trial court's denial of a motion to suppress similar to the way we review other sufficiency questions. *Clark v. State*, 808 N.E.2d 1183, 1190 (Ind.2004). We may not reweigh the evidence, and "we consider conflicting evidence most favorably to the trial court's ruling." *Id.* If substantial evidence of probative value supports the trial court's decision, we will affirm. *Id.*

 The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures. U.S. Const. Amend. IV. The Fourteenth Amendment extended to state govern-

6. Ind.Code § 35–48–4–11.

ments the Fourth Amendment's requirements for constitutionally valid searches and seizures. *Figert v. State,* 686 N.E.2d 827, 830 (Ind.1997). The Fourth Amendment demands that no search warrant be issued unless it is supported by probable cause. U.S. Const. Amend. IV ("no warrant shall issue, but upon probable cause"). Probable cause is "a fluid concept incapable of precise definition ... [that] is to be decided based on the facts of each case." *Figert,* 686 N.E.2d at 830. "Probable cause to search premises is established when a sufficient basis of fact exists to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime." *Esquerdo v. State,* 640 N.E.2d 1023, 1029 (Ind.1994).

■ When deciding whether to issue a search warrant, the issuing magistrate's task is "simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Figert,* 686 N.E.2d at 830 (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), *reh'g denied* 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983)). If a defendant questions the validity of the search warrant, the trial court's duty is to determine whether a "substantial basis" existed to support the magistrate's finding of probable cause. *Id.* " 'Substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination' of probable cause." *Id.* (quoting *Houser v. State,* 678 N.E.2d 95, 99 (Ind.1997)). When conducting its review, the trial court may consider "only the evidence presented to the issuing magistrate and not *post hoc* justifications for the search." *Id.* We re-

view the issuance of a search warrant under the same standard the trial court employs. *Id.*

The affidavit in this case provided:

*Detective S. Crooke, Police Officer,* swears or affirms that he believes and has good cause to believe that a controlled substance, to wit: Cocaine, an extract of Coca, the possession of which is unlawful, is being kept and sold from the residence believed to be 1473 W. 34th St., Indianapolis, Marion County, Indiana.

This affiant bases his belief on the following information: that within the past seventy-two (72) hours of October 9, 2001, a confidential, credible and reliable informant came personally to this affiant and stated that within the past seventy-two (72) hours of October 9, 2001 he/she was personally inside the residence believed to be 1473 West 34th St., Indianapolis, Marion County, Indiana and was instructed to go to the garage. Once in the garage, the informant observed in the possession of a black/male Kevin Massey a substance said informant believed to be cocaine, an extract of coca. Said informant was further told by Massey that the substance he had in his possession was in fact cocaine, an extract of coca and was for sale. Said informant also advised that he/she has observed large quantities of cocaine, money and weapons inside 1473 W. 34th St. Said informant is reliable in that information provided by the informant in the past has resulted in two (2) seizures of controlled substances with arrest pending. The informant has also provided this affiant with information, which has been corroborated as being truthful. This informant has also provided information in the past that resulted in one arrest and is awaiting trial. Said informant is confidential in that

revealing the identity of the informant could directly endanger the life of the informant and would destroy any future use of the informant.

Based upon this affiants [sic] training and experience in the area of narcotics enforcement, large[-]scale drug traffickers keep additional monies, ledgers, documents, narcotics, and other drug trafficking indicia inside their residence.

Based upon the above information, I am requesting a search warrant be issued for the residence believed to be 1473 W. 34th St., Indianapolis, Marion County, Indiana. Said residence to be searched is the first house west of 1469 W. 34th St. Said residence is described as an [sic] one (1) story blue wood frame single-family dwelling. The number 4 was the only number affixed to the front of the residence. Said residence consists of a living room, dining [sic] area, kitchen, bedroom(s), and bathroom(s). I request this search to include all rooms, closets, drawers, shelves and personal effects contained therein and thereon where Cocaine, an extract of Coca may be concealed. I further request this search to include the residence curtilage and the person of a B/M Kevin Massey. The informant stated that Massey always has a pistol on his person and had observed several weapons inside the residence. A criminal history check of Massey's record showed that he was convicted of kidnapping and robbery in the past. I am requesting a NO–KNOCK SEARCH WARRANT.

(State's Exhibit No. 1).

■ Massey claims this affidavit was insufficient to justify issuance of a search warrant for two reasons. First, he claims the affidavit fails to establish a reasonable likelihood that cocaine would be found at his residence. Second, he alleges the affidavit fails to establish the credibility of the confidential informant.

Regarding whether the cocaine was linked to the house, Massey asks that we follow a recent opinion from this court, *Merritt v. State,* 803 N.E.2d 257 (Ind.Ct. App.2004). In *Merritt,* we reversed the trial court's denial of a defendant's motion to suppress. The search warrant affidavit in that case stated:

Philip A. Smiley, Police Officer, swears or affirms that he believes and has good cause to believe: that a controlled substance, to wit: Cocaine, an extract of Coca, the possession of which is unlawful, is being kept, used, and sold from the residence located [at] 3508 N. Butler Ave., Indianapolis, Marion County, Indiana and said residence is under the control of a B/M 20 yrs. old, 5′ 7″ ′ tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans.

This affiant bases his belief on the following information: that within the past seventy-two (72) hours of 1–16–02, a confidential, credible and reliable informant came personally to this affiant and stated that within the past seventy-two (72) hours of 1–16–02, he/she was personally in the location of 3508 N. Butler Ave., Indianapolis, Marion County, Indiana and observed in the possession of a B/M 20 yrs. old, 5′ 7″ ′ tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans, a substance said informant believed to be Cocaine, an extract of Coca. Said informant was further told by the B/M 20 yrs. old, 5′ 7″ ′ tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans, that the substance he/she had in his/her possession was in fact Cocaine, an extract of Coca and was for sale. Said informant is known personally by this affiant to be a past user of cocaine,

an extract of Coca, and knows Cocaine, an extract of Coca by its appearance and the manner in which it is packaged for sale. Said informant is reliable in that information provided by the informant in the past has resulted in at least three (3) seizures of controlled substances and these cases have resulted in convictions in court. Said informant is confidential in that revealing the identity of the informant could directly endanger the life of the informant and would destroy any future use of the informant.

Based upon the above information, I am requesting a search warrant be issued for the residence located at 3508 N. Butler Ave., Indianapolis, Marion County, Indiana. Said residence is described as a single story-single family residence white in color with blue trim, and has the numerals 3508 affixed to the front of the residence to be searched. Said residence consists of a living room, dining area, kitchen, bedroom(s) and bathroom(s). I request this search to include all rooms, closets, drawers, shelves and personal effects contained therein and thereon where Cocaine, an extract of Coca may be concealed.

I further request this search to include the person of the B/M 20 yrs. old, 5' 7" tall, 270 lbs., with a medium afro wearing a black leather jacket and blue jeans.

*Id.* at 258–59. In reversing, we explained:

Here, Officer Smiley stated in his affidavit that, while a confidential informant was in Merritt's residence on one occasion, an unidentified black male offered to sell the informant what appeared to be cocaine. Officer Smiley did not state that the unidentified black male frequented, resided, or concealed contraband at 3508 North Butler Avenue nor did he state that there was good cause to believe that the black male would possess cocaine in the residence when the warrant was obtained. *See Doss v. State,* 649 N.E.2d 1045, 1048–49 (Ind.Ct. App.1995) (finding affidavit lacked indicia of probable cause because it omitted important factual details). Moreover, contrary to the State's assertions, the affidavit did not set forth facts from which a reasonable inference could be drawn that numerous drug transactions had taken place at the residence, or that the residence was a "crack house." Accordingly, the trial court abused its discretion in denying Merritt's motion to suppress. *See Methene v. State,* 720 N.E.2d 384, 390 (Ind.Ct.App.1999) (noting the requirement that an affidavit for a search warrant must apprise the magistrate of the underling [sic] facts and circumstances which tend to show that probable cause exists for the search).

*Id.* at 260–61.

Massey claims the affidavit in his case is so similar to *Merritt* we should hold Officer Crooke's affidavit was insufficient. We acknowledge Officer Crooke's affidavit does not state "Massey owned, occupied, or otherwise used 1473 West 34th Street to possess or sell cocaine." (Appellant's Br. at 14.) Nevertheless, the affidavit in this case is distinguishable from the affidavit in *Merritt* in three ways: (1) the male selling the cocaine was identified as Massey, rather than being unidentified; (2) it provided: "Said informant also advised that he/she has observed large quantities of cocaine, money and weapons inside 1473 W. 34th St.;" and (3) it also provided: "The informant stated that Massey always has a pistol on his person and had observed several weapons inside the residence." (State's Ex. 1.) Those statements indicate the confidential informant knew Massey before the current drug purchase and had been in the house at 1473 W. 34th Street on other occasions when drugs, money,

and weapons were present.[7] This was not the one-time interaction with an unknown dealer that occurred in *Merritt*. Accordingly, our facts are distinguishable from *Merritt*.[8] The affidavit and reasonable inferences therefrom provided sufficient evidence for a reasonable person to believe drugs would be found in the house at 1473 W. 34th Street.

■ Second, regarding the credibility of the informant, Massey cites Ind.Code § 35-33-5-2, which provides in relevant part:

(b) when based on hearsay, the Affidavit must either:

(1) contain reliable information establishing the credibility of the source and each of the declarants of the hearsay and establish that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Massey claims "there is nothing in this Affidavit, which attest [sic] to [sic] credibility or reliability of this 'Confidential Informant.'" (Appellant's Br. at 16.) We disagree.

■ Officer Crooke's affidavit provided:

Said Informant is reliable in that information provided by the informant in the past has resulted in two (2) seizures of controlled substances with arrest pending. The Informant has also provided this affiant with information, which has been corroborated as being truthful. This informant has also provided information in the past that resulted in one arrest and is awaiting trial.

(State's Ex. 1.) That an informant has provided information in the past that led to seizures of controlled substances and an arrest is sufficient to demonstrate the informant is credible and reliable. *See, e.g.*, *Tinnin v. State*, 275 Ind. 203, 208, 416 N.E.2d 116, 119 (Ind.1981) ("It is well established that a statement in an affidavit declaring that the informant has previously supplied valid information is sufficient to satisfy the statutory requirement of facts as to the credibility of the informant.").

2. *Sufficiency of Evidence*

■ Massey claims the evidence was insufficient to support his convictions of dealing in cocaine, a Class A felony, possession of cocaine and a firearm, a Class C felony, and possession of a handgun by a serious violent felon, a Class B felony, because he did not *knowingly* possess the cocaine or the guns.[9] When we

---

7. Contrary to Massey's argument, the affidavit permits a reasonable inference that the confidential informant had been in the house on more than one occasion, because Officer Crooke indicated the confidential informant "has observed" cocaine, money and weapons. In contrast, when Officer Crooke was explaining what happened during the confidential informant's recent visit, he indicated the confidential informant "observed" cocaine.

8. This case is also distinguishable from *Hensley v. State*, 778 N.E.2d 484 (Ind.Ct.App. 2002), in which we held a probable cause affidavit was insufficient to support a search warrant because the affidavit failed to link the house to the drug sale. We explained the affidavit "merely contain[ed] a description of

a home and an allegation that [defendant] had purchased methamphetamine the previous day." *Id.* at 488. Accordingly, we held, "the affidavit is completely devoid of any information describing why Officer Lucas had good cause to believe that the drugs would be found in the described premises." *Id.*

9. Massey acknowledges the marijuana in the garage was in plain view, which supports his knowing possession of marijuana as a Class D felony. (Appellant's Br. at 19) ("Appellant cannot raise the similar claim with respect to the Count 6 marijuana, which he stated he was aware, [sic] was there, as it was being share [sic] by others."). He claims the evidence is insufficient however because "he never exercised any control over that marijua-

review challenges to the sufficiency of the evidence, we may neither reweigh the evidence nor assess the credibility of the witnesses. *Iddings v. State*, 772 N.E.2d 1006, 1015 (Ind.Ct.App.2002), *trans. denied* 783 N.E.2d 700 (Ind.2002). Rather, we look at the evidence and reasonable inferences therefrom most favorable to the conviction. *Id.* If substantial evidence of probative value would have allowed a reasonable jury to find the defendant guilty beyond a reasonable doubt, then we must affirm the jury's finding. *Id.*

 The State presented sufficient evidence Massey knowingly possessed the cocaine or firearms. Possession of an item may be either actual or constructive. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind.1999). "Actual possession occurs when a person has direct physical control over the item." *Id.* As the firearms and cocaine at issue were neither on nor near Massey's person, he was not in actual possession of the items.

 Constructive possession occurs when someone has "the intent and capability to maintain dominion and control over the item." *Id.* As we have explained:

> In order to prove constructive possession, the State must show that the defendant has both (1) the intent to maintain dominion and control and (2) the capability to maintain dominion and control over the contraband. To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband, which may be inferred from either the exclusive dominion and control over the premises containing the contraband or, if the con-

trol is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. The capability requirement is met when the State shows that the defendant is able to reduce the contraband to the defendant's personal possession. Proof of a possessory interest in the premises in which contraband is found is adequate to show the capability to maintain control and dominion over the items in question. Possession of contraband by the defendant need not be exclusive and it can be possessed jointly.

*Iddings,* 772 N.E.2d at 1015. Additional circumstances that support finding a defendant had the intent and capability to maintain dominion and control over contraband kept in non-exclusive premises include:

> (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the drugs; (5) drugs in plain view; and (6) location of the drugs in close proximity to items owned by the defendant.

*Ladd v. State,* 710 N.E.2d 188, 190 (Ind.Ct. App.1999).

 Massey claims the evidence was insufficient to prove he ever "exercised any control over" the guns. (Appellant's Br. at 19.) The two guns Massey was charged with possessing were found in his upstairs bedroom in the house where Massey lived with his wife and children. Accordingly, Massey had non-exclusive control over the premises. However, the evidence indicates Massey had knowledge

---

na." (*Id.*) As we discuss in n. 11, the question is not whether Massey *had* exercised control, but whether he *had the ability* to exercise control. The evidence was sufficient.

Massey's only defense to the Class D felony possession of a controlled substance charge

was that he had a prescription for the hydrocodone found in his bedroom. As Massey did not produce that prescription, the evidence was sufficient to support his conviction.

of the guns, because he told the police officers they would find the guns in a duffle bag in the closet and under the mattress. In addition, as the guns were found in Massey's bedroom, Massey had the ability to "reduce the contraband to the defendant's personal possession." *Iddings*, 772 N.E.2d at 1015. This evidence is sufficient to prove Massey knowingly possessed the two handguns.[10]

Regarding the large amounts of cocaine found in the Pepsi machine in the garage and the pocket of the black leather jacket in the bedroom, Massey claims the evidence was insufficient to prove he had knowledge of the existence of the cocaine, especially because Malcolm Howard, who allegedly lived in Massey's garage for two or three years prior to the search, testified the cocaine in the Pepsi machine and in the jacket was his. When access to premises is non-exclusive, the State must provide "evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband." *Id.* Massey had a key in his pocket that fit the Pepsi machine in his garage. Howard testified he had to get a key from Massey if he wanted to access the Pepsi machine. Massey had cocaine on his person and ran away when he saw the police approaching his residence. The jacket containing the cocaine was hanging on Massey's bedroom door. From these facts, a jury could reasonably infer Massey had knowledge of the cocaine in the Pepsi machine and in the jacket pocket.

### 3. *Consecutive Sentences*

Finally, Massey asserts the trial court erred when it ordered him to serve a twenty-year sentence for unlawful possession of a firearm by a serious violent felon consecutive to his fifty-year sentence for dealing in cocaine. Generally a trial court has discretion to determine a defendant's sentence, and we may not reverse absent an abuse of that discretion. *Ratliff v. State*, 741 N.E.2d 424, 431 (Ind.Ct.App. 2000), *trans. denied* 753 N.E.2d 10 (Ind. 2001). However, a court may not order a sentence in excess of the statutory limits prescribed by the legislature. *Id.*

Massey claims his sentence violates Ind. Code § 35–50–1–2(c), which in relevant part provides:

> Except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class higher than the most serious of the felonies for which the person has been convicted.

Massey notes he was convicted of a Class A felony. The next more-serious class of felony is murder, for which the presumptive sentence is fifty-five years. *See* Ind. Code § 35–50–2–3. Accordingly, Massey argues, his total sentence could not exceed fifty-five years. We agree.

An "episode of criminal conduct" is defined by statute as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35–50–1–2(b). Examples of a single

---

**10.** Massey claims the handgun counts are "unsupported by the record in that the firearms were brought to the house by appellant's wife, belonged to appellant's wife's stepfather, and appellant never exercised any control over them." (Appellant's Br. at 19.) His argument is off the mark, as constructive possession does not require an individual to own the weapons or to have exercised control over the weapons. Rather, the defendant needed have only the intent and capability of maintaining dominion and control. *See Iddings*, 772 N.E.2d at 1015.

episode of criminal conduct include "the simultaneous robbery of seven individuals, the killing of several people with successive shots from a gun, the successive burning of three pieces of property, or such contemporaneous and related crimes as burglary and larceny, or kidnapping and robbery." *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind.Ct.App.1995).

Massey was a serious violent felon in possession of a handgun and simultaneously was in possession of such a large amount of cocaine that his intent to deal could be inferred. Under these circumstances, his convictions arose from a single episode of criminal conduct.[11] Accordingly, the trial court erred when it ordered Massey to serve a sentence longer than fifty-five years.

## CONCLUSION

Officer Crooke's affidavit contained sufficient evidence to allow the magistrate to reasonably infer there was probable cause to justify the search, and the evidence supported Massey's constructive possession of the cocaine and handguns. However, the trial court erred when it sentenced Massey to more than fifty-five years of imprisonment because his convictions arose from a single episode of criminal conduct, and we must remand for the trial court to sentence Massey in accordance with Ind.Code § 35–50–1–2.

Affirmed in part and reversed and remanded in part.

VAIDIK, J., concurring in result.

SULLIVAN, J., concurring with separate opinion.

SULLIVAN, Judge, concurring.

I concur with respect to the validity of the search warrant issued in this case and in the affirmance of the trial court's ruling upon the defendant's Motion to Suppress. I write separately to set forth a caveat with respect to the degree of deference we must accord to the issuance of a warrant and to the review of that warrant issuance by the trial court in ruling upon a Motion to Suppress.

The standard of review when the initial reviewing court validates the issuance of the warrant is clear as stated in Judge May's lead opinion. It is not quite clear, however, what deference we give at the appellate review stage if the trial court review has resulted in granting a defendant's Motion to Suppress. See *Allen v. State*, 798 N.E.2d 490, 503 (Ind.Ct.App. 2003) (Sullivan, J., concurring), and *Breitweiser v. State*, 704 N.E.2d 496, 502 (Ind. Ct.App.1999) (Sullivan, J., concurring).

Furthermore, I concur that the evidence was sufficient to support Massey's conviction of Dealing in Cocaine as a Class A felony and his conviction of Possession of a Handgun by a Serious Violent Felon as a Class B felony. Massey's appellate argument, however, is not restricted to those two disparate convictions. Rather, he asserts that the evidence was insufficient to demonstrate his knowing possession "of the large amounts of cocaine found in the Pepsi machine *and* the jacket pocket of the black jacket...." Appellant's Brief at 17 (emphasis supplied). Additionally, as to

---

**11.** The facts herein are distinguishable from *Ratliff.* There, the defendant drove intoxicated and resisted law enforcement by fleeing in his car, and then was found to be in possession of marijuana when police found him in a field. Those crimes did not occur simultaneously. In contrast, Massey's possession of the handgun and the cocaine was simulta-

neous. *And see Everroad v. State*, 570 N.E.2d 38, 54 (Ind.Ct.App.1991) (imposition of consecutive sentences was error when convictions all stemmed from possession of several controlled substances at the same place and time), *summarily aff'd in pertinent part, rev'd and remanded on other grounds* 590 N.E.2d 567, 571 (Ind.1992).

the firearms recovered by police in the bedroom closet and under the mattress, Massey challenges the sufficiency of the evidence not only as to a single firearm essential to the Class B felony conviction, but rather as to the "firearms recovered as a result of the search warrant." *Id.* (emphasis supplied).

Nevertheless, Massey makes no challenge to any one or more of the five convictions upon grounds that the jury might possibly have looked to the same evidence with regard to the multiple cocaine convictions or with regard to the two separate convictions which rested upon possession of a handgun. *See Richardson v. State,* 717 N.E.2d 32 (Ind.1999). Accordingly, I concur in the affirmance of the convictions upon Counts I, III, IV, V, and VI.[12]

I also concur that Massey's possession of a handgun and possession of the large amount of cocaine involved in his Dealing Cocaine conviction arose out of the same criminal episode and that therefore, his consecutive sentences may not exceed fifty-five years. I write separately upon this issue however, to express my view that even if *Ratliff v. State,* 741 N.E.2d 424 (Ind.Ct.App.2000), *trans. denied,* was correctly decided under the facts of that case, *Ratliff* is distinguishable. Nevertheless, my assessment of Indiana case law tells me *Ratliff* was wrongly decided. As Judge May's lead opinion in this case notes, the crimes in *Ratliff* did not occur simultaneously. That fact, however, does not justify a conclusion to the effect that in order to have a single criminal episode all the crimes under analysis must have been committed simultaneously.

If such were the case we would have to hold that *Ballard v. State,* 715 N.E.2d 1276 (Ind.Ct.App.1999) and *Purdy v. State,* 727 N.E.2d 1091 (Ind.Ct.App.2000), *trans. denied,* both discussed in *Ratliff,* are not merely distinguishable but were erroneously decided. In *Ballard,* the defendant committed a residential entry and only after that offense had been consummated did he batter the two persons who were in the apartment he entered. Clearly the crimes were not simultaneous. Yet the panel of this court held the offenses to be a single criminal episode.

Similarly, in *Purdy,* the defendant battered his girlfriend during a domestic dispute. When police were dispatched, he resisted and after being subdued, he threatened to kill one of the officers while being placed in the paddy wagon. He was convicted of battery, resisting law enforcement, and intimidation. All sentences were consecutive. This court reversed, holding the offenses, though disparate and not simultaneous, were part of a single criminal episode.

The facts in the case before us are clearly more reflective of a single criminal episode than those in *Ballard,* and *Purdy.* For this reason I agree that the aggregate sentences in this case may not exceed fifty-five years.

12. Although the jury found Massey guilty under Count II alleging a separate Class A felony for possession of cocaine, the trial court

did not enter a judgment of conviction upon that verdict.