# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN M. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

FILED

May 20 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID F. WOOD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-615 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-1110-FB-71097

**May 20, 2013**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

David F. Wood appeals his conviction of Class B felony unlawful possession of a firearm by a serious violent felon (SVF)[1] and the sentence he received for five convictions of Class D felony possession of child pornography.[2] Wood claims his firearm conviction violated his right to be free from double jeopardy and was barred by collateral estoppel. In addition, Wood asserts the five-year cumulative sentence he received for five counts of Class D felony possession of child pornography exceeded the cap provided by Ind. Code § 35-50-1-2 for consecutive sentences from a single episode of criminal conduct. We reverse in part and remand.

## FACTS AND PROCEDURAL HISTORY

On October 4, 2011, Wood's wife contacted police because she had found, among Wood's things, photo albums that contained pictures of naked girls, and she thought the photographs might be illegal. Police obtained a search warrant for Wood's house and executed it when Wood was at home. Wood advised the police that there were two guns in the house, and police found two .38 caliber revolvers in the closet on a shelf underneath adult male clothing. Police also found binders and albums containing full-frontal pictures of girls under the age of sixteen who are not wearing any clothing.

The State charged Wood with one count of Class B felony possession of a firearm by a SVF and ten counts of Class D felony possession of child pornography. The trial court

---

[1] Ind. Code § 35-47-4-5. A "serious violent felon" is a person who has committed one of the crimes our legislature defined as a "serious violent felony," which includes such crimes as murder, aggravated battery, kidnapping, rape, criminal confinement, child molesting, robbery, carjacking, and incest. *Id.*
[2] Ind. Code § 35-42-4-4.

ordered a bifurcated trial. After the first phase of the trial, the jury found Wood guilty of five of the ten counts of possession of child pornography. The jury also returned a form entitled "<u>VERDICT</u>," (App. at 125 (emphasis in original)), on which the jury was to determine whether "Wood knowingly or intentionally possessed a firearm," (*id*.), and on which the jury foreman marked the box for "NO." (*Id*., emphasis in original)

Despite that verdict and concerns raised by Wood's counsel and the deputy prosecutor, the trial court determined the State would be allowed to present additional evidence during a second phase of the trial to demonstrate Wood possessed firearms while being a SVF. Just prior to the jury returning for that second phase of the trial, Wood announced he would plead guilty to Class B felony possession of a firearm by a SVF. The State then offered, in open court, to cap his possible sentence for that crime at six years, which is the minimum sentence for a Class B felony. The trial court accepted that plea and entered Wood's convictions.

After a sentencing hearing, the court imposed five one-year sentences for the five convictions of possession of child pornography and ordered them served consecutively to one another and to the six-year sentence for possession of a handgun by a SVF, for an aggregate sentence of eleven years.

**DISCUSSION AND DECISION**

1.    <u>Possession of a Firearm</u>

Wood challenges the trial court's decision to permit the State to present additional evidence of Wood's knowing or intentional possession of a firearm, after the jury returned a verdict acquitting Wood of such possession. Wood asserts our federal constitution's

3

prohibition against double jeopardy[3] and the doctrine of collateral estoppel prohibited the trial court from deciding the State would be given a second chance, in a second phase of the trial, to prove he possessed the same handguns. We agree.

As our Indiana Supreme Court explained:

> The Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution provides, "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Collateral estoppel (also referred to as issue preclusion) has been characterized as an "awkward phrase" however "it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Collateral estoppel is not the same as double jeopardy, but rather it is embodied within the protection against double jeopardy. "The traditional bar of jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion simply forbids the government from relitigating certain facts in order to establish the fact of the crime." In essence the doctrine of collateral estoppel "precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." To decipher what a jury necessarily decided in a prior trial, courts should "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

*Coleman v. State*, 946 N.E.2d 1160, 1164-65 (Ind. 2011) (internal citations omitted).

As the trial court and parties discussed the procedure by which the State would try Wood for the possession of a handgun while an SVF charge, the court and the State referred

---

[3] The Indiana Constitution contains a similarly worded provision that prohibits double jeopardy. *See* Ind. Const. art. 1, § 14 ("No person shall be put in jeopardy twice for the same offense."). However, Wood's argument rests on only the federal provision, and thus we need not further address our state provision.

to the form that was to be sent to the jury after the first phase of the trial as a "special verdict form." (*See*, *e.g.*, Tr. at 212, 216, 245.) We note, however, that "[s]pecial verdicts and interrogatories to the jury [were] abolished," Indiana Trial Rule 49, "to eliminate the confusion and lack of finality generated by a maze of potentially confusing subsidiary questions." *Wilkes v. State*, 917 N.E.2d 675, 687 (Ind. 2009). In *Wilkes*, our Indiana Supreme Court held the death penalty statute's provision calling for "special verdicts" by a jury as to the existence of possible aggravators did not contradict T.R. 49 because those statutorily-required "special verdicts" did not ask for "preliminary or subsidiary findings leading to the ultimate verdict," but rather such a form "sets out the jury's findings as to the ultimate facts required to be resolved by the jury in a death penalty case."[4] *Id*.

Thus, to avoid violating T.R. 49, any verdict form sent to Wood's jury needed to be determining "ultimate facts required to be resolved by the jury." *Id*. The ultimate facts being determined by Wood's jury in the first phase of his trial were whether Wood "knowingly or intentionally possessed a firearm." (App. at 125.)

As we have explained, a bifurcated trial of SVF charges "serves the ends of justice" and "circumvent[s] legitimate concerns regarding fairness by avoiding reference to [a defendant] as a 'serious violent felon' until after the jury had decided whether he had knowingly or intentionally possessed" a firearm, *Williams v. State*, 834 N.E.2d 225, 228 (Ind. Ct. App. 2005), but that does not mean that a second phase of the trial is "inevitable." *Id*.

---

[4] Pursuant to Ind. Code § 35-50-2-9(a), the jury must find the existence of one or more statutorily-defined aggravators "before a defendant is eligible for the death penalty." *Wilkes*, 917 N.E.2d at 687. The finding of those aggravators by a jury is also a necessary step required by the Sixth Amendment. *Id*.

Rather, there should be a second phase of the trial "if, and only if, the jury first concluded beyond a reasonable doubt that [the defendant] had knowingly or intentionally possessed a firearm." *Id*.

The trial court made an error of law when it instructed the State it could proceed to second phase of trial even after the jury returned a verdict finding Wood had not knowingly or intentionally possessed the firearms. If the court had not made that legal error, Wood would not have been placed in the position of deciding whether to plead guilty before the second phase of trial.[5] Because Wood could not face a second jury trial for possession of those firearms, neither could he plead guilty to that crime, and we reverse his conviction. *See Menna v. N.Y.*, 423 U.S. 61, 62 (1975) ("Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.").

---

[5] The State argues Wood waived any possible argument regarding his firearm conviction for direct appeal by pleading guilty, and we acknowledge "direct appeal is not the proper procedural avenue for a defendant to attack a plea agreement." *Mapp v. State*, 770 N.E.2d 332, 333 (Ind. 2002) (citing *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996)). Nevertheless, we also note that one of the main policy reasons for that rule is that review of claims underlying the validity of a plea "often require a factual inquiry which appellate courts are not equipped to conduct." *Id*. at 334.

When we held oral argument in this cause, counsel for the State urged us to presume just resolution of this case required a factual inquiry that could only be conducted by a post-conviction court because Wood may have had a valid reason for pleading guilty to a crime for which he had already been acquitted. When pushed by the court to identify a possible valid reason for such a plea, counsel for the State acknowledged such a reason was "unimaginable." As we also cannot imagine circumstances that could justify pleading guilty to a crime after a jury acquittal, we reject the State's assertion that findings by a post-conviction court are required to determine the validity of Wood's plea agreement. *See Menna v. N.Y.*, 423 U.S. 61, 62 (1975) ("Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.").

2. <u>Sentence</u>

Wood also challenges the five-year cumulative sentence imposed for his five convictions of Class D felony possession of child pornography. A trial court generally has discretion to determine a defendant's sentence, and we may not reverse absent an abuse of that discretion. *Massey v. State*, 816 N.E.2d 979, 990 (Ind. Ct. App. 2004). Nevertheless, a court may not order a sentence in excess of the statutory limits prescribed by the legislature. *Id.*

> Indiana law provides:

> [T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. . . . However, except for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind. Code § 35-50-1-2(c). That same statute explains that an "episode of criminal conduct" is "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b).

Wood argues his five convictions for possession of child pornography were a single episode of criminal conduct, and he notes those convictions were all Class D felonies. A felony one Class above a Class D felony is a Class C felony, which has an advisory sentence of four years. Ind. Code § 35-50-2-6(a) ("A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years."). Based thereon, Wood asserts the court erred by ordering a

7

cumulative sentence that exceeded four years.

The State appears to agree, as it does not argue otherwise, that the cumulative sentences for the five convictions of Class D felony child pornography cannot run longer than four years.[6] Accordingly, we reverse Woods' sentences and remand for the trial court to fashion, in its discretion, a sentence that does not exceed four years.

## CONCLUSION

We reverse Wood's conviction of Class B felony possession of a firearm by a SVF as that conviction was entered after a jury had already acquitted Wood of possessing those same firearms. We also reverse Wood's five-year cumulative sentence for the five counts of Class D felony possession of child pornography, because that sentence violates the cap imposed by Ind. Code § 35-50-1-2, and we remand for the trial court to enter a new sentence that does not exceed four years.

Reversed and remanded.

BAKER, J., and DARDEN, Sr. J., concur.

---

[6] The State argues only that Wood's sentence does not violate the statutory prohibition outlined in Ind. Code § 35-50-1-2(c) because his episode of criminal conduct includes his Class B felony possession of a firearm conviction, which makes the cap for his sentence the thirty-year advisory sentence for a Class A felony. *See* Ind. Code § 35-50-2-4 ("A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20 and fifty (50) years, with the advisory sentence being thirty (30) years."). As we reversed Wood's conviction of possession of a firearm by a serious violent felon, the State's argument is moot.