**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 26 2014, 7:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICK WHIPPLE,                          )
                                       )
    Appellant-Defendant,           )
                                       )
        vs.                 )   No.  29A02-1312-CR-1000
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.            )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1307-CM-5207

**June 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Rick Whipple ("Whipple") was convicted after a bench trial of Possession of Paraphernalia, as a Class A misdemeanor.[1] He now appeals, raising for our review only one issue: whether there was sufficient evidence to sustain his conviction.

We affirm.

**Facts and Procedural History**

On July 2, 2013, Noblesville Police Officer Bradley Purvis ("Officer Purvis") responded to a dispatch reporting two people yelling at a house on Cherry Street in Noblesville.

Upon arriving at the home, Officer Purvis knocked on the door. After a brief delay, Whipple and a female companion answered the door. Both were immediately hostile toward Officer Purvis, and Whipple refused to allow his female companion to answer Officer Purvis's questions.

While standing on the front porch of the home, Officer Purvis smelled the odor of burnt marijuana coming from inside the residence. After other officers arrived, Whipple was handcuffed, and Officer Purvis drove to a judge's residence to obtain a search warrant while other officers secured the premises prior to the search.

Upon Officer Purvis's return, he and another officer executed the search warrant. Officer Purvis found approximately 0.44 grams of raw marijuana and a blue glass pipe used for smoking marijuana. The only personal items in the home were men's clothing and other

---

[1] Ind. Code §§ 35-48-4-8.3(a)(1) & (b).

2

belongings. When Officer Purvis asked Whipple if he knew what was found in the home, Whipple admitted knowledge of the blue glass pipe. As a result of the items found during the search and Whipple's admission, Officer Purvis arrested Whipple.

On July 3, 2013, Whipple was charged with one count each of Possession of Marijuana[2] and Possession of Paraphernalia, as Class A misdemeanors.

On October 17, 2013, a bench trial was conducted. At its conclusion, the trial court found Whipple guilty of Possession of Paraphernalia, and found him not guilty of Possession of Marijuana. Whipple was sentenced to 180 days imprisonment.

This appeal ensued.

**Discussion and Decision**

Whipple appeals his conviction after a bench trial, and claims there was insufficient evidence to sustain the judgment. Our standard of review on challenges to the sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

---

[2] I.C. § 35-48-4-11(1).

3

Whipple was convicted of Possession of Paraphernalia, as a Class A misdemeanor. To convict him of the offense, as charged, the State was required to prove beyond a reasonable doubt that Whipple knowingly possessed a blue glass smoking pipe that he intended to use to introduce marijuana into his body. See I.C. §§ 35-48-4-8.3(a)(1) & (b); App'x at 6.

Whipple contends there was insufficient evidence that he possessed the blue pipe. Possession may be either actual or constructive. Actual possession exists when an individual "'has direct physical control over an item.'" Massey v. State, 816 N.E.2d 979, 989 (Ind. Ct. App. 2004) (quoting Henderson v. State, 715 N.E.2d 833, 835 (Ind. 1999)). Whipple did not have actual possession of the pipe at the time of the arrest, as the pipe was found in the drawer of a nightstand. Thus, the State was required to prove that Whipple had constructive possession of the pipe. "In order to prove constructive possession, the State must show that the defendant has both (1) the intent to maintain dominion and control and (2) the capability to maintain dominion and control over the contraband." Iddings v. State, 772 N.E.2d 1006, 1015 (Ind. Ct. App. 2002), trans. denied. Whipple contends there was insufficient evidence to establish either of these.

Turning first to his contention as to any evidence of intent to maintain control and dominion over the pipe, Whipple notes that the trial court concluded there was no evidence that he owned, rented, or lived in the home, and that there was no other evidence tying him to the residence. Thus, the State was required to prove the existence of additional circumstances that could support an inference that Whipple had the requisite intent to

4

maintain dominion and control over the blue glass pipe. Gee v. State, 810 N.E.2d 338, 341 (Ind. 2004) (holding that where possession of premises is nonexclusive, additional circumstances may establish "knowledge of the nature of the controlled substances and their presence"). Such additional circumstances "have been shown by various means":

> (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

Id. These additional circumstances "are not exclusive. Rather, the State is required to show that whatever factor or set of factors it relies upon … must demonstrate the probability that the defendant was aware of the presence of the contraband and its illegal character." Id. at 344.

We find no insufficiency of the evidence in this regard. Officer Purvis testified that upon searching the home, he found the blue glass smoking pipe in the drawer of a nightstand. After he completed the search, Officer Purvis asked Whipple if he knew what was found, and Purvis acknowledged the presence of the glass pipe. The location of the pipe in what Whipple characterizes as "a closed container normally holding highly personal items," see Halsema v. State, 823 N.E.2d 668, 676 (Ind. 2005), together with Whipple's acknowledgement to Officer Purvis of the presence of the pipe, is sufficient to establish Whipple's awareness of the pipe. See Gee, 810 N.E.2d at 344.

We turn next to Whipple's second contention, that there was insufficient evidence of his possessory interest in the Cherry Street residence. Our supreme court has stated that, "In

5

essence the law infers that the party in possession of the premises is capable of exercising dominion and control over all items on the premises. And this is so whether possession of the premises is exclusive or not." Id. at 340-31.

Here, there is sufficient evidence of Whipple's capability of exercising dominion and control over the items in the home. Officer Purvis testified that when he arrived at the residence, Whipple opened the door to the home and actively prevented police from talking to his female companion. Whipple's conduct was consistent with the nature of the call that resulted in Officer Purvis's dispatch: two individuals arguing in the Cherry Street home. Only Whipple and his female companion were present at the home, and there were only men's clothes in the residence. And, again, Officer Purvis testified that Whipple expressed awareness of the presence of the blue pipe, which as Whipple notes on appeal had been placed in a highly personal location. All this is sufficient to support an inference that Whipple had a possessory interest in the home—even without direct testimony establishing his tenancy.

We accordingly find sufficient evidence to sustain the trial court's judgment convicting Whipple of Possession of Paraphernalia.

Affirmed.

KIRSCH, J., and MAY, J., concur.