## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 21 2020, 7:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lawrence Lucas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 21, 2020

Court of Appeals Case No.
19A-CR-1264

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1704-F4-20

**May, Judge.**

[1] Lawrence Lucas appeals his conviction of Level 4 felony unlawful possession of a firearm by a serious violent felon.[1] He raises one issue on appeal, which is whether the State presented sufficient evidence that he committed the crime. We affirm.

## Facts and Procedural History

[2] On May 11, 2016, around 9:30 a.m., the Lafayette Police Department responded to a report of battery. Police arrived at an apartment complex and found Bernard Brooks, who was bleeding from his mouth, had swelling around his face and eyes, and had blood on his clothing. Brooks explained that he was in a relationship with Lucas' mother and that he would sometimes stay at Lucas' house after arguments with Lucas' mother. Brooks reported that overnight he had fallen asleep on the floor in Lucas' house and that sometime thereafter, Lucas' mother and sister began punching him and hitting him with a baseball bat. They also took Brooks' wallet and cellphone. Brooks managed to get out the back door and run for safety, but he left some of his possessions behind in Lucas' home. Brooks described to police where the attack occurred. The police located the home, finding Lucas and another male there. Lucas denied police access to the home to investigate the allegations.

---

[1] Ind. Code § 35-47-4-5(c).

[3]    Police obtained a warrant to search Lucas' home and garage. While searching the garage, police noticed a chemical smell and a large object covered with a blanket in the backseat of a vehicle. Upon closer inspection, the police recognized the items as raw materials for manufacturing synthetic marijuana. The police then obtained a second search warrant authorizing a search for evidence of suspected narcotics activity. During the second search, police found 9mm ammunition and .45 caliber ammunition in a kitchen drawer. In addition, the police found a loaded .25 caliber Beretta handgun in a bedroom dresser drawer.

[4]    The State charged Lucas with Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 6 felony dealing in a synthetic drug,[2] and Class A misdemeanor possession of a synthetic drug.[3] After a bench trial,[4] the trial court found Lucas guilty of all charges. The court imposed an eight-year sentence for Level 4 felony unlawful possession of a firearm by a serious violent felon and a two-year sentence for Level 6 felony dealing in a synthetic drug, and it vacated the conviction of Class A misdemeanor possession of a synthetic drug. The court ordered the sentences be served consecutively, for a cumulative

---

[2] Ind. Code § 35-48-4-10.5(c)(2).

[3] Ind. Code § 35-48-4-11.5(c).

[4] Before trial, Lucas challenged the constitutionality of the police search of the vehicle inside the garage, which search provided justification for the second search warrant, the execution of which uncovered the Beretta in Lucas' bedroom. The trial court granted Lucas' motion to suppress, and the State appealed that decision. On appeal, we reversed the grant of that motion and remanded for trial. *State v. Lucas*, 112 N.E.3d 726, 731 (Ind. Ct. App. 2018).

sentence of ten years. The court further ordered three years suspended to supervised probation and seven years served executed, five of those seven years served in the Department of Correction and two served in community corrections.

# Discussion and Decision

Lucas challenges only his conviction of possession of a firearm by a serious violent felon. When reviewing claims of insufficient evidence, we examine the evidence presented in a light most favorable to the verdict. *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015). Assessment of witness credibility and evaluation of the evidence is the role of the fact-finder. *Wright v. State*, 828 N.E.2d 904, 905-906 (Ind. 2005). We give deference to the trial court and affirm the verdict unless there is "no substantial evidence of probative value to support it." *Pierce*, 29 N.E.3d at 1265. We consider evidence sufficient if a conclusion can be "reasonably drawn from it to support the verdict." *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).

Lucas asserts there is insufficient evidence supporting his conviction because the State failed to prove he constructively possessed the firearm found in the dresser drawer in the bedroom of his home. To determine whether a defendant constructively possessed an item, we consider a two-prong test adopted by our Indiana Supreme Court. The first prong is whether the defendant had "the capability to maintain dominion and control over the item." *Gray v. State*, 957

N.E.2d 171, 174 (Ind. 2011). The second prong asks whether the defendant had "the intent to maintain dominion and control over [the item]." *Id*.

[7] The first prong, capability, may be demonstrated by showing the defendant had a possessory interest in the location where the firearm was found. *Id.* Capability may be inferred even when the possessory interest is non-exclusive. *Id.* Lucas concedes he had a possessory interest in the house, as he was renting and residing in the house. Lucas had been staying at the house by himself for several months because his wife and children had moved out. Lucas slept and watched television in the bedroom where the firearm was found, and the firearm was in the same unlocked dresser drawer as the remotes Lucas used for the television. This evidence demonstrates Lucas had the capability to take the firearm into his possession. *See Massey v. State*, 816 N.E.2d 979, 990 (Ind. Ct. App. 2004) (exclusive control of the location of firearms unnecessary to establish constructive possession because of the ability to take the guns into personal possession).

[8] The second prong, intent to maintain dominion and control, may be shown by the State demonstrating the defendant knew the gun was in the house. *See Gray*, 957 N.E.2d at 175 (discussing possession of marijuana). Knowledge may be inferred from either exclusive dominion over the premises or control of the specific location where the firearm was found. *See id.* If control of the location is not exclusive, the State must produce additional evidence establishing the defendant's knowledge of the firearm. *See id.* Such additional evidence may include incriminating statements, the location of the firearm being within the

defendant's view, the location being in proximity to the defendant, or the intermingling of the firearm with other possessions owned by the defendant. *See id.* at 175.

[9] The firearm was kept in Lucas' bedroom, in an unlocked dresser drawer that also housed the remote controls for the television that sat on the dresser. Lucas' wife testified Lucas would watch television in the bedroom. It is reasonable to infer Lucas would use the remotes to watch television and he would have noticed the firearm whenever he used the remotes. This evidence supports determining Lucas knew about the presence of the gun, such that he had both the capability and the intent to maintain dominion and control over the gun. *See Carnes v. State*, 480 N.E.2d 581, 587 (Ind. Ct. App. 1985) (finding the contraband was located where "a reasonable person could reasonably infer from the evidence that neither of the two adults was trying to hide contraband from the other").

# Conclusion

[10] The State presented sufficient evidence to support Lucas' conviction of Level 4 felony unlawful possession of a firearm by a serious violent felon. As that is the only conviction Lucas challenges, we affirm the trial court's judgment.

[11] Affirmed.

Crone, J., and Pyle, J., concur.