**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 18 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID E. MOSLEY**
Mosley, Bertrand, Jacobs & McCall
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  31A01-1305-CR-206 |
| | ) | |
| JEREMY RIPPERDAN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-1108-FB-689

**February 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Police obtained and served a search warrant for real property from which, the State alleged, Jeremy Ripperdan ("Ripperdan") had twice sold methamphetamine. As a result of items recovered during the search, Ripperdan was charged with Dealing in Methamphetamine, as a Class B felony;[1] Possession of Methamphetamine, as a Class D felony;[2] Maintaining a Common Nuisance, as a Class D felony;[3] Possession of a Hypodermic Needle, as a Class D felony;[4] Possession of Chemical Reagents or Precursors, as a Class D felony;[5] Possession of Paraphernalia, as a Class A misdemeanor;[6] and Possession of Marijuana, as a Class A misdemeanor.[7]

Ripperdan moved to suppress the results of the search; the trial court granted the motion. The State now appeals.

We reverse and remand.

## Issue

The State raises two issues for our review. We find one dispositive: whether there was sufficient evidence of a nexus between Ripperdan's alleged sale of methamphetamine

---

[1] Ind. Code § 35-48-4-1.1.

[2] I.C. § 35-48-4-6.1.

[3] I.C. § 35-48-4-13.

[4] I.C. § 16-42-19-18.

[5] I.C. § 35-48-4-14.5.

[6] I.C. § 35-48-4-8.3.

[7] I.C. § 35-48-4-11.

and the subject real estate to give rise to probable cause sufficient to sustain the validity of the search warrant.

## Facts and Procedural History

On August 16, 2011, Officer Steve Coleman ("Officer Coleman") of the Harrison County Sheriff's Office filed a search warrant application supported by an affidavit. In the affidavit, Officer Coleman averred that twice within the first two weeks of August 2011, a confidential informant had engaged in police-controlled purchases of methamphetamine from Ripperdan at 520 Eastridge Road in Corydon. A magistrate issued a warrant to search the residence, two out-buildings, and vehicles located at the home. The search resulted in the recovery of items associated with the sale and use of methamphetamine and marijuana; Ripperdan was arrested.

On August 16, 2011, Ripperdan was charged with Dealing in Methamphetamine, Possession of Methamphetamine, Maintaining a Common Nuisance, Possession of a Hypodermic Needle, Possession of Chemical Reagents or Precursors, Possession of Paraphernalia, and Possession of Marijuana.

On April 12, 2012, Ripperdan moved to suppress the evidence recovered from 520 Eastridge Road, contending that the facts averred in Officer Coleman's affidavit did not establish a nexus between the alleged methamphetamine transactions and the residence. On February 11, 2013, a hearing was conducted on the suppression motion. On April 15, 2013, the trial court entered its order suppressing the evidence recovered from the search at 520 Eastridge Road.

The State sought interlocutory appeal, which this Court granted.

**Discussion and Decision**

The State appeals the trial court's order granting Ripperdan's motion to suppress the fruits of the search of 520 Eastridge Road. We review a trial court's order granting a motion to suppress evidence to determine "whether the record discloses substantial evidence of probative value that supports the trial court's conclusions." State v. Washington, 898 N.E.2d 1200, 1203 (Ind. 2008) (citations and quotations omitted). We do not reweigh evidence. Id. The State must, on appeal from a negative judgment, show that the trial court's ruling on the motion to suppress was contrary to law. Id.

Here, the State contends that the trial court erred when it concluded that the affidavit supporting the application for a search warrant did not state sufficient factual grounds of a nexus between Ripperdan's alleged criminal activity and the subject property.

Indiana Code section 35-33-5-2 provides the requirements an application for a search warrant must satisfy.

> Except as provided in section 8 of this chapter, no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:
>
> (1) particularly describing:
>
>> (A) the house or place to be searched and the things to be searched for; or
>>
>> (B) particularly describing the person to be arrested;
>
> (2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:
>
>> (A) the things as are to be searched for are there concealed; or

> (B) the person to be arrested committed the offense; and
>
> (3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

I.C. § 35-33-5-2(a). Both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution require probable cause for the issuance of a search warrant. Rader v. State, 932 N.E.2d 755, 758 (Ind. Ct. App. 2010), trans. denied. Probable cause evades precise definition and must be decided based on the facts of each case. Id.

"In deciding whether to issue a search warrant, the issuing magistrate's task is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place." Id. at 758-59 (citations and quotations omitted). A reviewing court must "determine whether the magistrate had a 'substantial basis' for concluding that probable cause existed." State v. Spillers, 847 N.E.2d 949, 953 (Ind. 2006) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)). This requires the reviewing court, with substantial deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. Id. We review the trial court's substantial basis determination de novo, but "afford significant deference to the magistrate's determination as we focus on whether reasonable inferences drawn from the totality of the evidence support [the magistrate's] determination." Id. (citations and quotations omitted).

In an affidavit submitted in support of the warrant application here at issue, Officer Coleman averred, in relevant part:

> Officer Steve Coleman an officer with the Harrison County, Indiana Sheriff's Department says that during the month of August 2011 he conducted a controlled purchase of methamphetamine from 520 Eastridge Road … from Jeremy Ripperdan using a confidential informant….
>
> Coleman says that using the same confidential informant within the last 72 hours he conducted a second controlled purchase of methamphetamine from Jeremy Ripperdan at 520 Eastridge Road….

(App'x at 6.)

Based upon the contents of the affidavit, the trial court concluded upon review of the search warrant that "there were no facts to connect the illegal activity to any specific part of the property" and that "there were insufficient facts to support a finding of probable cause of the search warrant in this case." (App'x at 90, 91.) The trial court based its conclusion on the absence of any specific mention of where on the property alleged drug transactions occurred or whether they occurred in the street in front of the residence, in a vehicle or building on the residence, or whether Ripperdan "resided, owned, rented, or had some other connection to 520 Eastridge Road." (App'x at 90.) The trial court also observed that "the officer apparently had more information that would have been important for the determination of probable cause" that was not included in the affidavit. (App'x at 90.) The trial court thus concluded that the search warrant was improperly issued, and ordered the suppression of the evidence obtained as a result of the search.

In support of its decision, the trial court relied on Figert v. State, 686 N.E.2d 827 (Ind. 1997); Hensley v. State, 778 N.E.2d 484 (Ind. Ct. App. 2002); and Merritt v. State, 803 N.E.2d 257 (Ind. Ct. App. 2004). Each of these cases found insufficient facts alleged to give rise to probable cause for issuance of a warrant; however, each is distinguishable. In Figert,

6

the Indiana Supreme Court held as unsupported by probable cause a warrant issued for a search of three mobile homes in a single collective dwelling area, where one of the residences searched had not been connected in any manner to the drug dealing that occurred in two other residences. 686 N.E.2d at 831. In Hensley, the defendant personally was connected to dealing in methamphetamine, but there was no connection between the Hensley's alleged criminal activities and her residence that would give rise to probable cause to search her home; accordingly, we concluded there was no probable cause. 778 N.E.2d at 487-89. And in Merritt, we concluded that probable cause was lacking where a confidential informant stated that while at Merritt's residence, an unidentified black male offered on a single occasion to sell cocaine to the informant. 803 N.E.2d at 260-61.

Here, the affidavit alleged that a single confidential informant engaged twice in a two-week period in controlled purchases of methamphetamine from Ripperdan at 520 Eastridge Road in Corydon. This Court has previously rejected the trial court's rationale that suppression is proper where the warrant affidavit does not aver that the defendant owned, occupied, rented, or otherwise used the subject property. Massey v. State, 816 N.E.2d 979, 988-89 (Ind. Ct. App. 2004) (distinguishing the facts in that case from those in Merritt). And unlike Hensley, Merritt, and Figert, Ripperdan was twice connected by name with dealing methamphetamine from a single location.

The alleged facts Officer Coleman stated in the affidavit seeking a search warrant were sufficiently substantial to permit the issuing magistrate to reasonably infer that there was probable cause to issue the warrant. We accordingly reverse the trial court's order

7

suppressing the evidence recovered from the search of 520 Eastridge Road, and remand this matter for further proceedings.

Reversed and remanded for further proceedings.

FRIEDLANDER, J., and KIRSCH, J., concur.