**David A. LANHAM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 60A01–1003–CR–114.**

Court of Appeals of Indiana.

Nov. 19, 2010.

Cara Schaefer Wieneke, Special Assistant to the State Public Defender, Wieneke Law Office, LLC, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

David A. Lanham ("Lanham") appeals his convictions for Possession of Marijuana, as a Class D felony,[1] and Possession of Paraphernalia, a Class A infraction.[2] We affirm.[3]

### Issue

Lanham presents the sole issue of whether the trial court abused its discretion by admitting evidence obtained during the execution of a search warrant, claiming that the search warrant was supported only by uncorroborated hearsay.

### Facts and Procedural History

M.B., then fourteen years old and Lanham's neighbor, visited Lanham's residence during the evening hours of February 7, 2006. M.B. and Lanham smoked marijuana together and M.B. purchased for $5.00 a joint that had been pre-rolled and packaged in cigarette cellophane.

The next day at middle school, M.B. received information that Lanham suspected her of stealing his drug paraphernalia. She subsequently observed Lanham driving by her home during the wee hours of the morning. A school administrator reported to Richard Foutch, an Owen County school resource officer, that Lanham might have been looking for M.B. because of her alleged theft of marijuana or drug paraphernalia. Foutch contacted Owen County Sheriff's Deputy Phil White.

M.B. and her mother met with Deputy White. During the meeting, M.B. revealed to Deputy White that she had smoked marijuana with Lanham, that he had retrieved it from a coffee can in his kitchen, and that she had seen scales and a pipe inside the residence. Deputy White obtained a search warrant for Lanham's residence.

Members of the Owen County Sheriff's Department executed the warrant at Lanham's home, retrieving marijuana, scales, baggies, and pipes (including a pipe with marijuana residue). Lanham was charged with Dealing in Marijuana, Indiana Code Section 35–48–4–10(a)(1), Possession of Marijuana, and Possession of Paraphernalia.

Prior to trial, Lanham filed a motion to suppress evidence obtained as a result of the execution of the search warrant. At the suppression hearing, Lanham contended that M.B. was an unreliable informant. The motion to suppress was denied, and Lanham proceeded to trial without pursuing an interlocutory appeal.

The jury found Lanham guilty of Possession of Marijuana and Possession of Paraphernalia, but acquitted him of Dealing in Marijuana. Lanham was sentenced to two years imprisonment, with all but 182 days suspended to probation. Lanham appeals.

### Discussion and Decision

#### Standard of Review

Lanham first challenged the admission of evidence through a motion to suppress but now appeals following a completed trial. Thus, the issue is appropriately

---

1. Ind.Code § 35–48–4–11(1).

2. Ind.Code § 35–48–4–8.3(a)(1).

3. We held oral argument in this case on October 20, 2010 at Oakland City University in Bedford, Indiana. We wish to thank our host for its hospitality and commend counsel for the parties for their able advocacy.

framed as whether the trial court abused its discretion by admitting the evidence at trial. *Packer v. State*, 800 N.E.2d 574, 578 (Ind.Ct.App.2003), *trans. denied.* A trial court is afforded broad discretion in ruling upon the admissibility of evidence, and we will reverse such a ruling only when the defendant has shown an abuse of discretion. *Id.* An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We do not reweigh the evidence, and we consider conflicting evidence in the light most favorable to the trial court's ruling. *Williams v. State*, 891 N.E.2d 621, 629 (Ind.Ct.App.2008). We also must consider uncontested evidence favorable to Lanham. *Id.*

### Analysis

Lanham argues that the deputies violated his rights pursuant to the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution by acting on a search warrant not supported by probable cause and thus the evidence seized during the search of his residence (specifically, marijuana and drug paraphernalia) should have been excluded. The State responds that Lanham has waived his allegations of constitutional error and, moreover, the trial court properly admitted the evidence obtained pursuant to the search warrant.

■ At the outset, we address the allegation of waiver. The State contends that the trial testimony of M.B., Deputy Kevin Wampler, and Deputy Russell Glenn—admitted without contemporaneous objection by Lanham—is substantially equivalent to the evidence that Lanham sought to exclude in his motion to suppress. A pretrial motion to suppress does not preserve an error for appellate review; rather, the defendant must make a contemporaneous objection providing the trial court with an opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Brown v. State*, 783 N.E.2d 1121, 1125–26 (Ind.2003).

In *Washington v. State*, 784 N.E.2d 584 (Ind.Ct.App.2003), this Court reviewed the admission of a handgun into evidence which had been found in the possession of a driver of a vehicle following a traffic stop. On appeal, the parties framed the issue as the review of a denial of a motion to suppress. *Id.* at 586. However, this court determined that because Washington did not seek an interlocutory appeal, the issue was more appropriately framed as whether the trial court abused its discretion by admitting evidence at trial. *Id.* at 586–87. This court noted that once the matter proceeds to trial, the denial of a motion to suppress is insufficient to preserve an issue for appeal. *Id.* at 586. Rather, the defendant must make a contemporaneous objection to the admission of evidence at trial. *Id.* This court then held, "If the defendant makes such an objection and the foundational evidence is not the same as at the suppression hearing stage, the trial court must determine whether evidence is admissible based upon the testimony and evidence presented at trial." *Id.*

Here, the following trial testimony was admitted without objection. M.B. testified that she visited Lanham in order to obtain marijuana, she smoked marijuana in Lanham's home (with Lanham), and she purchased additional marijuana (a pre-rolled joint). She also testified to her observations: Lanham retrieved marijuana from inside a coffee can in his kitchen and he possessed drug paraphernalia inside his home.

■ The testimony parallels testimony from Deputy Glenn as to his recovery of items during the execution of the search warrant. Deputy Glenn testified that he discovered and retrieved, from inside Lan-

ham's home: scales, a smoking device, and marijuana. Some of the marijuana was "burnt" and some "processed" by being "separated from the plant" and "aged." (Tr. 345.) Deputy Wampler testified that, during the execution of the search warrant at issue, he had found marijuana in a coffee can in Lanham's kitchen. Several photographic exhibits were admitted without objection. The failure to object at trial to the admission of evidence results in waiver of that issue on appeal. *Kubsch v. State*, 784 N.E.2d 905, 923 (Ind.2003). Here, Lanham does not identify what evidence was garnered in the search warrant that was not merely cumulative of the trial testimony admitted without objection. Waiver notwithstanding, we address the merits of Lanham's appeal.

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The text of Article I, Section 11 of the Indiana Constitution contains nearly identical language. These constitutional principles are codified in Indiana Code § 35–33–5–2, which details the information to be contained in an affidavit for a search warrant. *State v. Spillers*, 847 N.E.2d 949, 953 (Ind.2006).

Accordingly, Indiana Code Section 35–33–5–2(a) provides in relevant part:

[N]o warrant for search or arrest shall be issued until there is filed with the judge an affidavit:

(1) particularly describing:

(A) the house or place to be searched and the things to be searched for; or

(B) particularly describing the person to be arrested;

(2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:

(A) the things as are to be searched for are there concealed; or

(B) the person to be arrested committed the offense; and

(3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

If an affidavit is used to establish probable cause, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Ind.Code § 35–33–5–2(b). A judge may issue a search warrant absent an affidavit, as was done in this case, only if "the judge receives sworn testimony of the same facts required for an affidavit." Ind.Code § 35–33–5–8.

■ Probable cause exists if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Merritt v. State*, 803 N.E.2d 257, 260 (Ind.Ct.App.2004). Probable cause is a fluid concept having no precise definition. *Bowles v. State*, 820 N.E.2d 739, 747 (Ind.Ct.App.2005), *trans. denied*. It must be decided on a fact by fact basis. *Id.* We will uphold a judicial determination of probable cause if there is a substantial basis for concluding that a search would uncover evidence of wrongdoing.

*Love v. State,* 842 N.E.2d 420, 425–26 (Ind. Ct.App.2006).

■ In deciding whether to issue a search warrant, " '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *Jackson v. State,* 908 N.E.2d 1140, 1142 (Ind.2009) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). The reviewing court, which includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision, is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. *Id.* We focus upon whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Id.* We review the trial court's "substantial basis" determination de novo, while nonetheless affording significant deference to the magistrate's determination. *Id.*

■ The trustworthiness of hearsay for the purpose of proving probable cause can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activity by the suspect that is not ordinarily easily predicted. *Jaggers v. State,* 687 N.E.2d 180, 182 (Ind.1997) (citing generally *Gates* ). These examples are not exclusive. "Depending on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay." *Id.* One such additional consideration is whether the informant has made a declaration against penal interest. *Spillers,* 847 N.E.2d at 954.

■ A statement against the declarant's penal interest is one that tends to subject the declarant to civil or criminal liability such that a reasonable declarant would not have made the statement unless believing it to be true. *Jervis v. State,* 679 N.E.2d 875, 878 (Ind.1997) (citing Indiana Evidence Rule 804(b)). Lanham argues that M.B. did not make a statement against her penal interest but was merely attempting to "curry favor with the police," as was discussed in *Spillers,* 847 N.E.2d at 956. He points to the apparent absence of any criminal charge or juvenile allegation against M.B. The State responds that M.B. clearly made a statement against her penal interest and the apparent lack of charges is irrelevant.

The circumstances known to the trial court in its determination of admissibility include the following. M.B. had identified herself to Deputy White and, in the company of her parent, incriminated herself. She had not been caught in the commission of an unlawful act, nor was she facing a criminal charge or juvenile allegation such that she might have been motivated to "curry favor" with the police. Deputy White testified at the probable cause hearing that M.B. had successfully identified Lanham's residence from a photograph. Moreover, by the time of trial, when the trial court made the admissibility ruling, M.B. was a scheduled trial witness, not an anonymous informant or a hearsay declarant. Accordingly, the trial court acted within its discretion in admitting the marijuana and drug paraphernalia found at Lanham's residence.

Affirmed.

BARTEAU, Sr. J., and DARDEN, J., concur.