**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 20 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JANYER PINTO,                                      )
                                                   )
    Appellant-Defendant,                          )
                                                   )
        vs.                                 )     No. 36A05-1301-CR-9
                                                   )
STATE OF INDIANA,                                  )
                                                   )
    Appellee-Plaintiff.                           )

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-1203-FD-75

**August 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

As Indiana State Trooper Chris Lockman walked back to his patrol car upon finishing a traffic stop, he observed a vehicle pass by with windows tinted so darkly he was unable to see anyone inside. Trooper Lockman caught up with the vehicle, again observed the windows were darkly tinted, and initiated a traffic stop, during which he discovered that the driver, Janyer Pinto, had no driver's license and was an habitual traffic violator. The State charged Pinto with operating a vehicle as an habitual traffic violator, a Class D felony. Pinto filed a motion to suppress Trooper Lockman's testimony as "the product of an illegal arrest of the defendant without probable cause" because Trooper Lockman made no effort to check the windows for a violation by making an "objective accurate comparison" to a standard for windows that are tinted in violation of statute. Appellant's Appendix at 25. Following a hearing, the trial court denied the motion to suppress. During Pinto's jury trial, Trooper Lockman testified to the details of the traffic stop without objection from Pinto. The jury found Pinto guilty as charged and he was sentenced to one and one-half years. Pinto appeals, claiming the trial court erred in denying his motion to suppress.

A motion to suppress is insufficient to preserve an error for appeal. Smith v. State, 983 N.E.2d 226, 230 (Ind. Ct. App. 2013), trans. denied. Rather, the defendant must make a contemporaneous objection to the admission of the evidence at trial in order to provide the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is sought to be introduced. Lanham v. State, 937 N.E.2d 419, 423 (Ind. Ct. App. 2010). Failure to make an objection at trial waives any claim on appeal that the evidence was improperly admitted. Hale v. State, 976 N.E.2d 119, 123 (Ind. Ct.

2

App. 2012). Because Pinto did not object to Trooper Lockman's testimony when it was offered at trial, any error in the admission of the testimony has been waived.

Even if Pinto had made a proper objection, however, the admission of the evidence was not error. In Sanders v. State, 989 N.E.2d 332, 335 (Ind. 2013), our supreme court held that an officer who subjectively believed, based on the fact that he could not clearly recognize or identify the occupant of a vehicle, that the tint on the windows was darker than allowed by law, see Ind. Code § 9-19-19-4(c), had reasonable suspicion to make a traffic stop, even though later objective measures showed the windows complied with the statute. Trooper Lockman testified that the tint on the windows was so dark he was unable to see anyone inside the vehicle and that he observed the vehicle twice before making the stop. Thus, the initial stop was justified by Trooper Lockman's reasonable suspicion the driver was operating a vehicle in violation of the window tinting statute, and his testimony was properly admitted.

Pinto's conviction of operating a vehicle as an habitual traffic violator is affirmed.

Affirmed.

RILEY, J., and KIRSCH, J., concur.