**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BREONDON D. PINKSTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1309-CR-481 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1304-FC-99

**May 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Breondon Pinkston appeals his convictions for carrying a handgun without a license, as a Class C felony, and criminal trespass, as a Class A misdemeanor, following a bench trial. He presents two issues for our review:

1.  Whether the trial court abused its discretion when it admitted evidence of a gun in his possession at the time of his arrest.

2.  Whether the trial court abused its discretion when it admitted evidence that he was on private property at the time of his arrest.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 8, 2013, at approximately 10:40 p.m., Fort Wayne Police Officer Juan Gutierrez observed a man driving a vehicle near the intersection of Eden and Green Streets in the Eden Glen Apartment complex. Officer Gutierrez heard loud music coming from the vehicle, which violated a city nuisance ordinance. Officer Gutierrez was in plain clothes and driving an unmarked police vehicle, so he contacted Sergeant Thomas Strausborger to report the violation.

Sergeant Strausborger and another officer arrived and conducted a traffic stop of the driver, later identified as Pinkston. At the time of the stop, Pinkston was driving near the intersection of Oliver and Rudisill Streets. After running Pinkston's name through a computer in his car, Sergeant Strausborger discovered that Pinkston previously had been "given a trespass warning" by an Eden Glen security guard and had been "banned from the Eden Glen Apartment Complex[.]" Transcript at 24-25. Officer Gutierrez had observed Pinkston "parked on Eden Street directly in front of Building 6B, which would

2

be within the confines of the [Eden Glen] complex." Id. at 31. Thus, Sergeant Strausborger arrested Pinkston for criminal trespass.

Sergeant Strausborger then ordered two officers at the scene to begin "an inventory of the vehicle to proceed with towing it" as was the police department's "standard policy." Id. at 32. Shortly after the officers began the inventory of the car, one of them found a gun in the glove box. In a subsequent interview, Pinkston initially denied having any knowledge that the gun was in the glove box. But Pinkston subsequently admitted that the gun belonged to his cousin and Pinkston had gotten permission to "hold the gun for the rest of that night." Id. at 36.

The State charged Pinkston with carrying a handgun without a license, as a Class C felony, and criminal trespass, as a Class A misdemeanor. Pinkston filed a motion to suppress evidence of the gun police found in the course of the inventory search of the vehicle, which the trial court denied after a hearing. The trial court found him guilty as charged and entered judgment and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

**Issue One: Evidence of Gun Possession**

Pinkston first contends that the trial court abused its discretion when it admitted into evidence testimony that he possessed a gun and ammunition at the time of his arrest. Pinkston initially challenged the admission of this evidence through a motion to suppress but now appeals following a completed trial. Thus, the issue is appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial. Lanham v. State, 937 N.E.2d 419, 421-22 (Ind. Ct. App. 2010). A trial court is afforded broad

3

discretion in ruling upon the admissibility of evidence, and we will reverse such a ruling only when the defendant has shown an abuse of discretion. Id. at 422. An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. Id. We do not reweigh the evidence, and we consider conflicting evidence in the light most favorable to the trial court's ruling. Id.

Pinkston contends that the officers violated his rights pursuant to Article I, Section 11 of the Indiana Constitution by conducting a warrantless search of the vehicle he was driving and, thus, the evidence seized during the search of his residence and vehicle should have been excluded at trial. The State argues that Pinkston waived any objection to the admission of the evidence found in the search by failing to object to testimony regarding the gun and ammunition at trial. We agree with the State.

A contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, whether or not the appellant has filed a pretrial motion to suppress. Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010); see also, Jackson v. State, 735 N.E.2d 1146, 1152 (Ind. 2000) ("The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal."); Wagner v. State, 474 N.E.2d 476, 484 (Ind. 1985) ("When a motion to suppress has been overruled and the evidence sought to be suppressed is later offered at trial, no error will be preserved unless there is an objection at that time.") The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors. Brown, 929 N.E.2d at 207. When a defendant fails to object to allegedly inadmissible evidence the first time it is offered, no error is preserved. Jenkins

v. State, 627 N.E.2d 789, 797 (Ind. 1993).  Further, in order to preserve the allegation of error, appellant must object each time the allegedly inadmissible evidence is offered.  Id.

Here, Pinkston did not request a continuing objection and did not make a contemporaneous objection when Sergeant Strausborger testified regarding the gun. While Pinkston made contemporaneous objections to physical exhibits and photographs pertaining to the gun and ammunition, those objections came after Sergeant Strausborger's testimony.  Further, Pinkston did not object when two other officers testified regarding the gun and ammunition found in the vehicle he had been driving.  We hold that Pinkston has waived the issue of whether the trial court abused its discretion when it admitted the challenged evidence at trial.  See id.  And Pinkston neither alleges nor demonstrates fundamental error in the admission of that evidence.

**Issue Two:  Evidence of Criminal Trespass**

Pinkston next contends that the trial court abused its discretion when it permitted Sergeant Strausborger's testimony that Pinkston had been driving on a private road prior to his arrest.  To prove criminal trespass as charged, the State was required to show that Pinkston knowingly or intentionally entered the real property of Eden Green Apartment complex after having been denied entry by means of prior verbal and/or written order of Eden Green Apartment complex and/or its agent, Pinkston not then having a contractual interest in said real property.  See Ind. Code § 35-43-2-2.  On appeal, Pinkston maintains that the only evidence that he entered the apartment complex was the testimony that he was seen at the intersection of Eden and Green Streets and that that intersection is located on the private property of Eden Green Apartment complex.  And Pinkston contends that

Sergeant Strausborger's testimony that Eden and Green Streets are private roads is inadmissible hearsay. We cannot agree.

At trial, Sergeant Strausborger[1] testified in relevant part as follows:

Q:    Are you also familiar as a security officer with Eden Green with the physical layout and the confines of that apartment complex?

A:    Yes I am.

Q:    And we heard testimony about the intersection, maybe a T intersection of Eden Street and Green Street. Are you familiar with that intersection?

A:    Yes I am.

Q:    And is that intersection the property of Eden Green Apartments, surrounding area, is that the property of Eden Green Apartment Complex?

DEFENSE COUNSEL: Judge I would object as to hearsay. The property records, actual property boundaries are outside the scope of this officer's knowledge at this point.

COURT:    At this point.

STATE:    He testified that he knew. I'm sorry Your Honor.

COURT:    His objection is I think foundation. Is that what you're objecting to?

DEFENSE COUNSEL: Well I think it's foundation. I mean just because he's employed by Eden Green he can certainly testify to the layout. The actual property boundaries are I guess for lack of a better term a public record or maybe within the purview of the scope of the actual owner or the property, but I can't see how this officer simply by being an employee has any personal knowledge, again not gained from another person of the actual property boundaries, so my objection is one of hearsay.

STATE:    He's the lead security officer for the complex Your Honor. He's certainly a skilled witness with respect to the layout of the apartment

---

[1] Sergeant Strausborger testified that he was "in charge of maintaining security" for Eden Green Apartment complex. Transcript at 24. He had held that position for two years at the time of trial.

6

complex.  I can lay additional foundation as to investigations conducted and things like that and time spent out there but I would submit that the foundation has been laid, but I can ask additional questions if that's necessary.

COURT:     I just . . . yes it is necessary.  Please flush it out.

STATE:     Okay.  Fair enough.  Sergeant, first of all let's talk about law enforcement and then we'll talk about security. . . .

* * *

Q:     And so as a law enforcement officer have you had occasion to participate in investigations that occurred or began within Eden Green Apartment Complex?

A:     I've taken part in numerous investigations with the apartment complex.

* * *

Q:     Okay.  And is it important to you as a security officer to know the confines of the property, the layout of the property, the various buildings, roads in connection with your being able to do your job?

A:     Both with my law enforcement experience and with my security experience we've had issues in the past with the streets and what is and is not considered private versus public property and the city had come up with a remedy for that.

Q:     And you've been a participant in that process?

A:     I was not a participant, however we were informed of what the boundaries were.

Q:     Okay.  And I'll ask the question again.  The intersection of Eden Street and Green Street is that the property of Eden Green Apartment Complex?

DEFENSE COUNSEL:  Judge I would renew my objection.  I think the officer's last statement just confirmed my objection.  He was informed which means he gained the information from somebody else.  It's information from an out of court witness that is being offered for its truth.  It's the definition of hearsay and it does not fall within an exception.

7

STATE:      Your Honor same response. The officer is a skilled witness with respect to Eden Green Apartment Complex, if not an expert witness and certainly he can in that capacity rely on information provided by others and testify to that.

COURT:      Overruled.

Q:      Go ahead and answer the question.

A:      The actual intersection of Eden and Green Street is private property as denoted with blue street signs that were put up by the City of Fort Wayne to designate the private versus public area. The public street signs in the City of Fort Wayne are designated with a green street sign.

Transcript at 25-30 (emphases added).

Under Indiana Rule of Evidence 701, "[i]f the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to the clear understanding of the witness's testimony or the determination of a fact in issue." A skilled witness is an individual whose knowledge is insufficient to be termed an expert yet is beyond that of an ordinary juror. Hawkins v. State, 884 N.E.2d 939, 943 (Ind. Ct. App. 2008), trans. denied. The trial court, within its discretion, determines whether a witness is qualified to give an opinion. Id. at 944. Skilled witnesses not only can testify about their observations, they can also testify to opinions or inferences that are based solely on facts within their own personal knowledge. Id. (citation omitted).

Here, Sergeant Strausborger's employment experience providing security and investigating crimes at the apartment complex supports his testimony as a skilled witness.

8

While he initially testified that he knew that the intersection was on private property because he had been told what the boundaries of the complex were, he ultimately testified that he knew the intersection was on private property because blue street signs denote private streets in Fort Wayne. And there is no allegation or indication that the latter testimony was based on hearsay. We hold that the trial court did not abuse its discretion when it permitted this evidence.[2]

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.

---

[2] Because we hold that the trial court did not abuse its discretion in permitting this evidence, we need not address Pinkston's contention that the State presented insufficient evidence to support his criminal trespass conviction.