## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2015, 10:29 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James T. Knight
Hillis, Hillis, Rozzi & Knight
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alfred Higdon,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 17, 2015

Court of Appeals Case No. 75A05-1407-CR-315

Appeal from the Starke Circuit Court.
The Honorable Kim Hall, Judge.
Cause No. 75C01-1305-FD-76

**Baker, Judge.**

[1] Alfred Higdon appeals his conviction for Possession of Methamphetamine,[1] a class D felony. Higdon argues that the trial court erroneously admitted evidence that he argues was the product of an illegal search conducted by law enforcement. Finding no error, we affirm.

## Facts

[2] On April 8, 2013, Knox City Police Detective David Combs received an anonymous voicemail at work. The caller reported that Shari Melton and Higdon were manufacturing methamphetamine at their residence. The caller identified the location of the residence. Detective Combs was familiar with Higdon and the location of his residence, as the detective had responded to a report that Higdon's van had been broken into at his residence in late 2012.

[3] To investigate the veracity of the anonymous tip, Detective Combs first returned to the residence and verified that the same van from the 2012 report was parked outside. Police officers also checked the National Precursor Log Exchange (NPLEx) and discovered that since 2008, Higdon had purchased pseudoephedrine twenty-one times and had been blocked from purchases twice.

[4] On April 15 and 22, 2013, Officer Chad Keen removed trash bags that had been left on the street for collection in front of Higdon's residence. Inside the trash bags, Officer Keen found pseudoephedrine, an empty box of pseudoephedrine,

---

[1] Ind. Code § 35-48-4-6.1.

strips of aluminum foil with burnt residue, plastic baggies, sections of plastic straws with white residue, and a handwritten note bearing Higdon's name, date of birth, and driver's license number. A field test revealed that the white residue on the straws was methamphetamine.

[5] Detective Combs applied for and received a search warrant for Higdon's residence. Officers executed the warrant on April 25, 2013, and inside of the house they found marijuana, synthetic marijuana, paraphernalia, lithium batteries, and methamphetamine.

[6] On May 1, 2013, the State charged Higdon with class D felony possession of methamphetamine, class D felony possession of precursors or chemical reagents, and class A misdemeanor possession of marijuana.[2] On August 7, 2013, Higdon filed a motion to suppress the evidence obtained as a result of the searches of his trash and his residence. After a suppression hearing, the trial court denied Higdon's motion.

[7] Higdon's jury trial took place on February 19, 2014. When the State offered the evidence obtained as a result of the searches of Higdon's trash and residence at trial, Higdon did not object and the evidence was admitted. The jury found Higdon guilty of possession of methamphetamine and not guilty of possession

---

[2] The State later dismissed the possession of marijuana charge.

of precursors or reagents. On June 11, 2014, the trial court sentenced Higdon to three years incarceration. Higdon now appeals.

## Discussion and Decision

Higdon's sole argument on appeal is that the trial court erroneously admitted the evidence seized as a result of the searches of his trash and residence.[3] The admission of evidence is within the discretion of the trial court, and we will reverse only if the trial court's decision was clearly against the logic and effect of the facts and circumstances before it. *Lanham v. State*, 937 N.E.2d 419, 421-22 (Ind. Ct. App. 2010).

Even if a defendant files a pretrial motion to suppress, he must contemporaneously object when the evidence is introduced at trial to preserve the issue for appeal. *Brown v. State*, 929 N.E.2d 204, 206-07 (Ind. 2010). When, as here, the defendant fails to make a contemporaneous objection, we will reverse only upon a finding of fundamental error. *Id.* at 207. To establish fundamental error, the defendant bears the heavy burden of showing that the alleged errors are so prejudicial to his rights as to make a fair trial impossible. *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014). In this case, Higdon does not even argue that the admission of the evidence amounted to fundamental error, so he

---

[3] Higdon argues that the trial court erred by denying the motion to suppress. But because he did not seek an interlocutory appeal and is appealing following a completed jury trial, the issue is appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial. *Lanham v. State*, 937 N.E.2d 419, 421-22 (Ind. Ct. App. 2010).

has now waived the issue twice. Waiver notwithstanding, we will address his argument.

[10] Higdon argues that the search of his trash violated his rights under Article 1, Section 11 of the Indiana Constitution.[4] A search must be reasonable to comply with this Section of the Indiana Constitution. *Litchfield v. State*, 824 N.E.2d 356, 359-61 (Ind. 2005). A trash search is reasonable if law enforcement retrieves it "in substantially the same manner as the trash collector would take it" and the police have "articulable individualized suspicion" that the subject of the search was engaged in illegal activity. *Id.* at 363-64. Higdon argues that in this case, the police did not have reasonable suspicion that he was engaged in illegal activity. Reasonable suspicion "exists if the facts known to the officer and the reasonable inferences therefrom would cause an ordinarily prudent person to believe that criminal activity has or is about to occur." *Fuqua v. State*, 984 N.E.2d 709, 714 (Ind. Ct. App. 2013), *trans. denied.*

[11] Detective Combs received an anonymous tip that Higdon was engaged in the manufacture of methamphetamine. An anonymous tip can provide reasonable suspicion to search a person's trash if it is accompanied by specific indicia of reliability or corroborated by a police officer's own observations. *Id.* at 714-15. The tip itself was reliable because the caller specifically named Melton and Higdon by their first and last names, specifically said they were manufacturing

---

[4] Higdon makes no argument with respect to the United States Constitution.

methamphetamine, and specifically identified the location of their house. *See Love v. State*, 842 N.E.2d 420, 425 (Ind. Ct. App. 2006) (finding sufficient indicia of reliability when anonymous tipster knew defendant's name, location of his house, and details of the crime).

[12] Furthermore, after receiving the tip, Detective Combs returned to Higdon's residence and confirmed that his van, with which the detective was personally familiar, was still parked there. Tr. p. 25-26. Police officers also learned that since 2008, Higdon had purchased pseudoephedrine, the main ingredient in methamphetamine, twenty-one times, and had been blocked from purchasing it twice. *Id.* at 25-28. At trial, Officer Keen testified that the amount and number of times Higdon had purchased pseudoephedrine stood out to him. *Id.* at 82-83. Based on the reliability of the tip and the fact that it was corroborated by law enforcement's own observations and investigations, we find that the search of Higdon's trash was reasonable and did not violate the Indiana Constitution.

[13] The evidence seized as a result of the search of the trash formed the basis for the search warrant. Higdon does not argue that this evidence was insufficient to support a search warrant, nor does he contend that the officers did not rely on the warrant in good faith when they searched his residence. *See State v. Spillers*, 847 N.E.2d 949, 957 (Ind. 2006) (holding that if officers rely on a defective search warrant in objective good faith, the exclusionary rule does not require suppression of the evidence). And indeed, it is apparent that the evidence seized from his trash was readily able to support a search warrant and that even if it the warrant was problematic, the officers relied on it in good faith. So even

if Higdon had made these arguments, he would not have succeeded. In sum, we do not find that the admission of this evidence at trial was erroneous at all, let alone fundamentally erroneous.

[14]  The judgment of the trial court is affirmed.


Najam, J., and Friedlander, J., concur.